# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA BARRON,<br><br>                  Plaintiff,<br>vs.<br><br>PALOMAR HEALTH,<br><br>                  Defendant. | CASE NO. 12cv2404-LAB (WMc)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER SCREENING COMPLAINT; AND**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff Barbara Barron, proceeding *pro se*, filed her complaint in this action, along with a motion to proceed *in forma pauperis* (IFP). The complaint alleges Barron was discriminated against in employment because of her age, in violation of federal law. It also brings supplemental state law claims.

The Court has reviewed the IFP motion, finds Barron is without funds to pay the filing fee, and **GRANTS** the motion.

The Court is required to screen the complaint of a plaintiff proceeding IFP, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

/ / /

The Court's jurisdiction over Barron's claims depends on the existence of a federal question. The complaint alleges Barron was discriminated against because of her age.[1] in violation of Title VII of the Civil Rights Act of 1964. But Title VII reaches only discrimination by covered employers on the basis of race, color, religion, sex, or national origin. Because Barron is proceeding *pro se*, however, the Court liberally construes her complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The Court therefore construes the complaint as bringing a claim under the Age Discrimination in Employment Act (ADEA).

The complaint alleges Barron suffered age-based discrimination by Palomar, leading her initially to file a discrimination complaint with the EEOC, but that after mediation, she withdrew it. The allegations imply that the mediation was conducted and the agreement was reached under the auspices of the EEOC. Among the terms of the agreement, the complaint alleges, were a provision that Defendant Palomar Health would not engage in any more age-based discrimination. But after the agreement was entered into, Palomar Health allegedly resumed its age-based discrimination by taking Barron off the work schedule, retaliating against her for having complained about the discrimination, and hiring a new employee to do her work. (Compl., ¶¶ 22–23.) Her employment was terminated December 31, 2010, approximately six months after she had first initiated the complaint process. (*Id*., ¶ 21.)

Exhaustion of administrative remedies is required under the ADEA. *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998). Although the complaint doesn't mention exhaustion, Barron on January 9, 2013 filed a motion for appointment of counsel and attached to the motion a right-to-sue letter issued July 12, 2012 and referencing Defendant Palomar. The Court infers that after Palomar allegedly breached the mediation agreement, Barron asked the EEOC to reinstate the complaint. *See Munoz v. Mabus*, 630 F.3d 856, 862 (9th Cir. 2010) (citing 29 C.F.R. § 1614.504(a)) (noting that employee alleging breach of settlement agreement can ask the EEOC either for specific performance or for reinstatement of the original discrimination complaint). It therefore appears, at this stage, that Barron has

/ / /

---

[1] The complaint doesn't identify Barron's age, but the IFP motion gives her age as 66.

exhausted her administrative remedies as required. The Court has reviewed the remainder of the complaint and finds it sufficient to survive screening.

Because Barron is proceeding IFP, she is entitled to have his complaint and summons served by the U.S. Marshals Service. **It is therefore ORDERED that the United States Marshal shall serve a copy of the complaint, summons and this order granting Barron leave to proceed IFP upon Defendant as directed by Barron on U.S. Marshal Form 285.** All costs of service shall be advanced by the United States.

As noted, Barron has also filed a motion for appointment of counsel. Although there is no constitutional right to counsel in most civil cases, under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent persons. But the Court may do so only under "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This requires evaluating both the likelihood of success on the merits, and the plaintiff's ability to articulate her claims *pro se* in light of the legal issues involved. *Id*. The Court finds Barron is very able to articulate her claims *pro se*, and the "exceptional circumstances" required for appointment of counsel are not present here. The motion is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED:  January 12, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge